DeForrest F. Churchill and Others, Respondents, v. Frontier Mortgage Corporation and Another, Appellants.

Fourth Department, March 9, 1927.

Corporations — stockholders' action to recover value of stock on ground that merger of plaintiffs' corporation with one of defendant's corporations was improper — plaintiffs' corporation is Delaware corporation authorized to do business here — court had jurisdiction of action and Delaware corporation law controls — no fraud shown — Delaware statute was strictly complied with — plaintiffs have no cause to complain — alleged consolidation of new corporation with another corporation, subsequent to merger, does not affect this action.

The plaintiffs, minority stockholders of a Delaware corporation authorized to do business here, bring this action in equity to recover the value of their stock in said corporation on the ground that they objected to the exchange or merger of the property and assets of the corporation with another corporation, and that said merger was improperly carried out.

The court has jurisdiction of this action, but the plaintiffs cannot recover, for the Delaware corporation law, which controls the rights of the parties, was strictly complied with in consummating the merger questioned, and no fraud was shown in the transaction.

The fact that, subsequent to the merger, the new corporation consolidated with another corporation, does not affect this action or give plaintiffs any rights.

Appeal by the defendants, Frontier Mortgage Corporation and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 11th day of November, 1925, upon the decision of an official referee appointed to hear and determine the whole issues.

*James O. Moore* of counsel, for the appellants.

*Coatsworth & Diebold* [*Charles Diebold, Jr.,* and *Paul J. Batt* of counsel], for the respondents.

Clark, J.  This is an equity action brought by certain minority stockholders of the Frontier Mortgage Corporation (hereafter called the Frontier Company) for the value of their stock in said corporation, they having objected to the exchange or merger of the property and assets of the Frontier Company and those of the Buffalo Discount Corporation into a new company called the Granite Bond and Mortgage Corporation, which was evidently organized to take over the properties of the first named corporations.

The Frontier Company was organized in Delaware, but was authorized to do business in this State, and the evidence shows that it was a prosperous corporation.

In August, 1923, the Frontier Company sent a notice to its

stockholders of a meeting to consider the proposition of merging its property and that of the Buffalo Discount Corporation into a new corporation which was to be organized, to be called the Granite Corporation. Accompanying that notice were financial statements showing what the condition of the Granite Corporation would be when the assets of the Frontier Company and those of the Discount Corporation were merged and exchanged for stock of the Granite Corporation.

In pursuance of the notice above referred to, a meeting of the stockholders of the Frontier Company was held September 5, 1923, and over the protest of as many of the plaintiffs as were present the plan for the proposed merger or exchange of securities was adopted. It was further provided that when the exchange was completed and the stock of the Granite Corporation was issued to take the place of the stock of the Frontier Company to be surrendered by its owners, it was to be held in a voting trust for two years, with the right of the trustees to vote the stock on questions that might arise concerning the company's affairs.

In pursuance of the action of the stockholders' meeting of September 5, 1923, the property of the Frontier Company was on or about the 24th of September, 1923, transferred to the Granite Corporation.

It is urged by plaintiffs that while this consolidation or merger scheme was under consideration by the stockholders of the Frontier Company, its president, Mr. Ward, with Messrs. Hutchins and Sweet, his associates in the voting trust, were in negotiation with a Mr. Beak, of Chicago, to merge the combined assets of the Granite Corporation into a corporation of which Mr. Beak was president, and that subsequently that merger was carried out by the votes of the trustees under the voting trust.

It is the claim of plaintiffs that this merger with the Beak enterprises, which was engineered by Mr. Ward, president of the Frontier Company, and his associates, and which was later set aside in another action in the Supreme Court on the ground of fraud, was greatly to the disadvantage of the stockholders of the Frontier Company, and that because of that fact they are entitled to recover the value of their stock, which was included in this merger or consolidation over their protest.

Whether or not the consolidation with the Beak Company was prejudicial to the interests of the stockholders of the Frontier Company is of no importance here, for the reason that the transactions which resulted in the consolidation with the Beak Company all occurred subsequent to the time when the stockholders of the Frontier Company voted to dispose of their stock to the Granite

Corporation, and subsequent to the time that the transfers were made.

Defendants urge that this action cannot be maintained and that the court had no jurisdiction in the matter, the transactions in question being merely a sale or exchange of the securities of the companies involved, and that the entire transaction is governed by section 64-a of the Delaware Corporation Law (Revised Code of Delaware, 1915, tit. 9, chap. 65, as amd. by 34 Laws of Del. chap. 112.)

We think the court had jurisdiction to entertain this action (*Matter of Young* v. *Jebbett*, 213 App. Div. 774), but that the Delaware statute above referred to governs the situation and must be deemed controlling when its provisions were complied with. (*People* v. *N. Y., C. & St. L. R. R. Co.*, 129 N. Y. 474; *Venner* v. *N. Y. Central & H. R. R. R. Co.*, 177 App. Div. 296, 343.)

Section 64-a of the Delaware Corporation Law reads as follows:

" Sale of Assets and Franchises: Every corporation organized under the provisions of this Chapter, may at any meeting of its Board of Directors, sell, lease or exchange all of its property and assets, including its good will and its corporate franchises, upon such terms and conditions as its Board of Directors deem expedient and for the best interests of the corporation, when and as authorized by the affirmative vote of the holders of a majority of the stock issued and outstanding having voting power given at a stockholders meeting duly called for that purpose, or when authorized by the written consent of the holders of a majority of the voting stock issued and outstanding, provided, however, that the Certificate of Incorporation may require the vote or written consent of the holders of a larger proportion of the stock issued and outstanding."

The transactions with the K. R. Beak Company cannot be considered in this controversy, because the sale of the Frontier properties to the Granite Corporation, of which plaintiffs complain, occurred several weeks prior to the sale of the combined assets to the Beak Company, and there is no proof that such a sale was in contemplation by the directors and stockholders of either company at the time of the transactions in question.

There is no claim of fraud in this transaction, and we are unable to see how the plaintiffs can maintain the action.

The Frontier Company of which plaintiffs were stockholders was a Delaware corporation, and as we have seen the statute of that State expressly authorized the directors of a corporation organized under the provisions of the Delaware statute to " sell, lease or exchange all of its property and assets  *  *  *  upon such terms and conditions as its Board of Directors deem expedient

and for the best interests of the corporation, when and as authorized by the affirmative vote of the holders of a majority of the stock issued and outstanding    *    *    *."

The proceedings which resulted in the transfer of the stock of the Frontier Mortgage Corporation to the Granite Corporation were had in strict conformity with the terms of that statute, and in the absence of fraud we are unable to see how plaintiffs are entitled to relief. They were stockholders in the Frontier Company, but they held their stock under the condition that at any time the corporate assets might be sold or exchanged when the provisions of the statute were complied with. (*Allied Chemical & Dye Corp.* v. *Steel & Tube Co.*, 14 Del. Ch. 1; 120 Atl. 486, 490.)

The judgment should be reversed on the law and the facts, with costs, and the complaint dismissed, with costs.

Findings of fact numbers five, eleven and fourteen, in so far as they connect the transfer of the assets of the Frontier Mortgage Corporation with the transactions involving the consolidation of the Frontier and Granite Corporations with the Beak enterprises, are disapproved, and all the conclusions of law are disapproved and reversed.

All concur.    Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of the defendants, dismissing the complaint, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings made.